# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARTHA L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | 06 C 2067 |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Martha L. Jackson slipped and fell walking up the steps to the Evanston post office and sued the U.S. Postal Service for negligence in state court. Plaintiff's suit was removed to the federal court pursuant to 28 U.S.C. § 2679. Before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the Court grants defendant's motion.

## FACTS

Jackson is a *pro se* litigant. Accordingly, defendant sent notice to her regarding the consequences of failing to respond to its motion for summary judgment pursuant to Local Rule 56.2. This notice also provided her with copies of Rule 56(e) and Local Rule 56.1. However, despite these instructions, she did not file a response to defendant's Local Rule 56.1(a) statement of material facts. The Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). While a *pro se* litigant's filings are often liberally construed by courts, her *pro se* status does not exempt her from the court's procedural requirements. *Peterson v.*

*Euromarket Designs, Inc.*, No. 04 C 7685, 2006 WL 3486817, at *3 (N.D. Ill. Dec. 1, 2006); *Carr v. United Airlines*, No. 03 C 8553, 2005 WL 1705830, at *1 (N.D. Ill. July 15, 2005). Therefore, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted." LR 56.1(b)(3)(C). Further, each of defendant's statements were properly supported by parts of the record. *See* LR 56.1(a)(3). Accordingly, the following is taken entirely from defendant's statement of facts.

On December 28, 2004, Jackson visited the Evanston post office. (Def.'s LR 56.1(a) Stmt. Material Facts ¶ 3.) She parked her car near the steps leading to the west entrance of the Post Office. (*Id.* ¶ 7.) At approximately 3:15 p.m., she began walking up the steps to the west entrance. (*Id.* ¶ 3.) While one set of these steps had a handrail, Jackson chose not to use it because she parked her car closer to the set of steps that did not have a handrail. (*Id.* ¶ 7.) As Jackson was walking up the steps, she fell and skinned her left knee. (*Id.* ¶ 4.) She was alone when this happened and no one saw her fall. (*Id.* ¶ 6.) Jackson got up without assistance and had no trouble entering the post office. (*Id.* ¶¶ 8-9.) She is not sure why she fell, though she thinks that the salt on the steps may have caused her to slip. (*Id.* ¶ 5.) She admitted that the post office keeps the steps and parking areas clear of snow. (*Id.* ¶ 15.) Moreover, at the time of her fall, the steps leading to the west entrance were clear of snow and ice. (*Id.* ¶ 14.) Pictures of the west entrance reveal that the steps were salted to prevent such slips and falls. (*Id.*)

Once inside the post office, plaintiff spoke with Acting Supervisor, Keith Erickson. (*Id.* ¶ 10.) She reported her fall and Erickson offered to get her medical attention. (*Id.* ¶ 11.) Jackson refused medical help, but accepted an accident claim form to fill out at home. (*Id.* ¶¶ 11-12.) Later that day, after she arrived home, she noticed that her knee was bleeding and her pants were torn. (*Id.* ¶ 16.) She cleaned her knee and applied a Band-Aid, but did not take any

pain medication for her injury. (*Id.* ¶¶ 16-17.) While Jackson did not seek any medical attention for her injured knee on the day of her fall, she went to her doctor the following day. (*Id.* ¶ 18.)

On December 29, 2004, plaintiff's injured knee was examined by her physician. (*Id.* ¶ 19.) Her doctor took an x-ray and determined from the x-ray film that her knee had no break, no torn cartilage, and no torn ligament. (*Id.* at ¶ 20.) The doctor concluded that her knee was only swollen and bruised. (*Id.*) Plaintiff's doctor recommended that she take Advil for her pain but she refused. (*Id.* ¶ 21.) Jackson did not have therapy for her injured knee and the swelling resolved within a few days of her doctor visit. (*Id.* ¶¶ 22-23.) Currently, Jackson does not have pain from her fall on December 28, 2004. (*Id.* ¶ 25.) She has suffered knee pain in the past, but had surgery on both knees to address this. (*Id.* ¶ 26.)

After her fall at the post office, Jackson continued to work part-time at her job at Dominick's, which requires her to stand all of the time. (*Id.* ¶¶ 27-28.) She works about twenty-two to twenty-seven hours per week. (*Id.* ¶ 27.) She did not take any time off after her fall, nor did she lose any wages as a result of her fall. (*Id.* ¶¶ 30-31.) In addition to working, Jackson also continues to play with her two, active twin grandchildren, who are one and one-half years old. (*Id.* ¶ 34.) Subsequent to her fall, she has not had any emotional problems. (*Id.* ¶¶ 32, 35.) Plaintiff does not consider herself disabled as a result of her fall. (*Id.* ¶ 33.) She continues to engage in her usual activities such as: washing her clothes; climbing stairs on her own; cleaning her home; driving her car to church; singing in her church choir while standing; taking vacations; shopping at malls; and traveling unassisted by airplane with luggage. (*Id.* ¶ 37.) She does not need any help getting out of bed, sitting in a chair for longer than an hour, cooking, or feeding herself. (*Id.* ¶ 36.)

Plaintiff's medical expenses related to her fall at the post office total $835.00. (*Id.* ¶ 38.) She also claims damages of $4,500.00 for her pain and suffering. (*Id.* ¶ 39.) However, she admitted that the figure of $4,500.00 was a guess. (*Id.*)

## DISCUSSION

Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining if summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. It is not the judge's function to weigh the evidence or make credibility determinations; rather, these are issues that should be resolved by a jury. *Id.*

The Federal Tort Claims Act ("FTCA"), in relevant part, provides that federal district courts "shall have exclusive jurisdiction of civil actions on claims against the United States . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (West 2007). "The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." *Id.* § 2674. Under the FTCA, "the law of the place where the allegedly negligent act occurred is to be applied." *Jones v. United States*, 703 F.2d 246, 248 n.1 (7th Cir. 1983). In Illinois, "the plaintiff must establish the existence of a duty

4

owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach" in order to recover on a negligence claim. *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001).

At the time Jackson was injured, she was a business invitee at one of defendant's post offices. Thus, there is no question that defendant owed plaintiff "the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition." *See Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961); *Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991).

However, Jackson offers no evidence that defendant breached its duty of keeping the Evanston post office steps reasonably safe. The steps on which Jackson slipped and fell were clear of ice and snow. (Def.'s LR 56.1(a) Stmt. Material Facts ¶ 14.) They were salted to prevent slips and falls. (*Id.*) Photographs taken immediately after Plaintiff's fall demonstrate that this was the condition of the steps. (Def.'s Ex. C, Photographs of Evanston Post Office Steps.) Also, she admitted that the post office typically keeps the steps and parking areas clear of snow. (Def.'s LR 56.1(a) Stmt. Material Facts ¶ 15.)

Plaintiff also fails to demonstrate that the salt on the steps was the proximate cause of her fall and subsequent knee injury. Plaintiff admitted that she did not know what caused her to fall on the steps. (*Id.* ¶ 5.) She speculated that it could have been the salt on the steps. (*Id.*) However, "'[l]iability cannot be predicated upon surmise or conjecture as to the cause of a plaintiff's injuries.' Instead, proximate cause can only be established where there is a reasonable certainty that the defendant's acts caused the injuries." *Blaue v. Kissinger*, No. 03 C 9025, 2006 WL 2092380, at *6 (N.D. Ill. July 24, 2006) (quoting *Broussard v. Houdaille Indus., Inc.*, 539

N.E.2d 360, 363 (Ill. App. Ct. 1989)). In this case, beyond mere conjecture, there is no evidence that Jackson slipped on salt or any other substance on the steps.

In short, Jackson fails to satisfy the second and third prongs required for a negligence claim in Illinois. There is no dispute over a genuine issue of material fact and, therefore, summary judgment is appropriate.

## CONCLUSION

For the reasons set forth above, the Court grants U.S. Postal Service's motion for summary judgment [doc. no. 11]. This case is hereby terminated.

**SO ORDERED**  ENTERED: 5/2/07

HON. RONALD A. GUZMAN
**United States Judge**